The Texas & Pacific Railway Company v. W. J. French.

No. 43.

### 1. Charge Must be Confined to Issues—Cause of Action.

Suit for damages for personal injuries from negligence of one Collins, manager for the railway, under whose direction plaintiff was working when injured. The negligence charged in the petition was, that "foreman Collins negligently placed a heavy piece of timber on the ground and caused a ditch to be dug too close to it, from which cause the dirt caved in, causing the log to fall on plaintiff." This allegation did not support proof and charge as to the safest plan of carrying on the work of which the ditch and log formed part. As the submission of that issue, not made in the petition, evidently influenced the verdict, it is reversible error ........................................... ...... 98

### 2. Charges — Employe Must Take Note of Ordinary Laws of Nature.

Plaintiff was employed digging a ditch beside timbers placed along the ditch. The earth gave way, and the timbers falling injured the plaintiff. It was the duty of the court to instruct the jury, that "if the danger to be expected from the caving of the bank was as open to the observation of plaintiff as to the foreman, then plaintiff can not recover. Plaintiff was bound to note the ordinary laws of nature affecting the surroundings." ........................................... 99 ·

### 3. Charge—Issue not in Pleadings or Evidence.

It is error to submit directly or by suggestion in a charge an issue not made in pleadings or evidence. See example........................ 100

Error to Court of Civil Appeals for First District, in an appeal from Harrison County.

*F. H. Prendergast,* for plaintiff in error.

*Scott & Jones,* for defendant in error, cited: Railway v. Doyle, 49 Texas, 190; Railway v. McClain, 80 Texas, 98; Railway v. Dunham, 49 Texas, 181; Railway v. Marcelles, 59 Texas, 337; Railway v. Silliphant, 70 Texas, 629; Railway v. Conroy, 83 Texas, 214; Railway v. Lempe, 59 Texas, 19; Patterson v. Railway, 18 Am. Rep., 415.

BROWN, Associate Justice.—W. J. French sued the Texas & Pacific Railway Company in the District Court of Harrison County, to recover damages for injuries alleged to have been received by him while in the employ of the defendant as a member of a bridge gang, engaged at the time preparing to launch a barge on the Atchafalaya River, in the State of Louisiana. He was working under the direction of one Collins, who was also in the employ of the defendant, and foreman of the gang, with power to employ and discharge the hands so engaged under his direction. The injury is alleged to have occurred by reason of the negligence of Col-

lins. The case was tried in the District Court, and a verdict was rendered by the jury and judgment entered by the court in favor of the plaintiff, from which the defendant appealed to the Court of Civil Appeals, which affirmed the judgment of the District Court. Motion for rehearing was overruled in the Court of Civil Appeals, and a writ of error was granted by this court. Appellant presents as grounds for the revision of the judgment of the Court of Civil Appeals its failure to sustain these assignments of error:

First assigned error: "The court erred in charging the jury, ' that it was the defendant's duty to adopt such plans and methods for the conducting of the business in which plaintiff was engaged at the time of the happening of the injury as, if they had been properly pursued and carried into effect, would have afforded a reasonable degree of safety to those employes engaged in said work at the time; and if they failed in this respect, defendant would be liable, if injury to plaintiff resulted from such failure.' This was error, because there was no complaint in the pleading or evidence that such plans and methods for conducting the business had not been adopted."

In the case of Missouri Pacific Railway Company v. Hennessey, 75 Texas, 157, this court said: "It is elementary and statutory in this case, that the petition shall set forth a full and clear statement of the cause of action; that is, the facts which constitute the cause of action. This is necessary in order to apprise the opposite party of the facts that are expected to be proved. * * * Hence it follows that an act done or omitted which is relied on to establish negligence must be alleged, or proof will not be admitted." Again, on page 158, the court in the same case says: "It was good pleading on the part of the plaintiff to set out every material fact upon which he relied for recovery, but he would not be allowed to prove other material facts upon which the petition did not rely." The petition in this case complied with the rule announced, and set out the cause of action as follows:

"That plaintiff was digging the ditch by order of his foreman, W. T. Collins; that W. T. Collins negligently placed a heavy piece of timber on the ground, which said piece of timber was to be used as a skid; that plaintiff was ordered by Collins to dig the ditch alongside of the skid; that the bank gave way under the weight of the timber; that plaintiff was injured by reason of the negligence of Collins in placing the timber on the ground, and causing the ditch to be dug so close to it that the weight of the timber caused the bank to cave."

The objection urged by the appellant under this assignment is, that the allegations of the petition did not make the issue of negligence in failing to furnish plans for the work.

The Court of Civil Appeals, in passing upon this assignment, says:

"There was also evidence that this was not the best and safest way in which to do the work, but there were other methods, sufficient for the purpose, which were safer." Again the court says: "The court properly submitted the question of negligence in the planning of the work to the jury."

It is clear that the jury was authorized by the charge to conclude that the question as to whether or not the appellant had provided reasonably safe plans for the work was submitted for their determination, and, indeed, could not have arrived at any other conclusion. From all the facts in the case the result of a verdict against the appellant must have been reached by a determination of this issue against it. If the issue was not made by the pleading, the giving of the charge was such error as will require the reversal of the judgment. Loving v. Dixon, 56 Texas, 79; Railway v. Terry, 42 Texas, 451; Markham v. Carothers, 47 Texas, 22.

The negligence charged in the pleading was, that the foreman, Collins, negligently "placed a heavy piece of timber on the ground, and caused a ditch to be dug" too close to it, from which cause the dirt caved in and caused the log to fall on the plaintiff. From this allegation the appellant could not know—"*was not apprised*"—that the plaintiff expected to prove that this was not the best and safest method in which the work could be done, or that there were other methods "sufficient for the purpose which were safer." Nor was the appellant apprised that the plaintiff would attempt to prove that it had "*failed* to furnish reasonably safe plans for the performance of the work." It is probable that the error committed by the court in giving this charge caused injury to the appellant, and it is therefore of such importance as to require a reversal of the judgment.

Second assigned error: "The court erred in refusing special charge number 1, asked by the defendant, as follows: 'If the danger to be expected from the caving of the bank was as open to the observation of French as it was to the foreman, Collins, then plaintiff can not recover, because in such case French assumed the risk of being injured by the caving of the bank.'"

The plaintiff was a man of mature years, and while it is alleged that he was inexperienced in this work, it is not alleged that there was any danger in the performance of the work that was of a character that required any experience to understand it; but the facts do show that the danger was such as was open to the observation of any man of ordinary mental capacity, and equally apparent to plaintiff as to Collins. The charge expressed the law upon that question, and should have been given. Railway v. Lempe, 59 Texas, 22.

In the case quoted the court says: "Where the servant has equal knowledge with the master of the danger incident to the work, he takes the risk upon himself if he goes on with it." The facts of this case do

not bring it within any exception to the rule.    The injury resulted from the operation of the laws of nature.    The log was heavy, the ditch was dug too near to the log, and the lateral support being removed the dirt gave way, causing the log to roll towards the ditch, catching the plaintiff and injuring him.    He was bound to take notice of the operation of the ordinary laws of nature that brought about the result. Railway v. Lempe, supra; Railway v. Bradford, 66 Texas, 736; Railway v. Williams, 72 Texas, 164.    If there was anything in the condition of the soil to make it unusually hazardous, no one could discover that fact quicker nor know it with more certainty than the man who was digging the ditch.    Appellee claims that the point was covered in a clause of the general charge given by the court, which is as follows:

" If it should appear that plaintiff knew that in performing said duty in the manner that he undertook to do so, or by the exercise of ordinary care might have known that it was dangerous, and he still continued performing said work, then plaintiff can not recover.    It was the duty of the plaintiff, for his own safety, to exercise that degree of care that a reasonably prudent person would have exercised under the same circumstances; and if his injury resulted to him from a failure on his part to use such care, then you will find for the defendant, and that without regard to whether said Collins had or had not failed to perform the duty required of him."

That the servant must use ordinary diligence to protect himself from danger, and that he is chargeable with notice of such defects as he might discover by the exercise of such diligence, is a different proposition from that embraced in the charge asked and refused.    While the charge given is correct, yet the appellant was entitled to have both propositions submitted to the jury, since both issues arose upon the evidence and under the pleadings.    It was error to refuse the charge.

Third assigned error:   "The court erred in refusing special charge number 2, asked by defendant, as follows:  ' If in the digging of the ditch with the log as it was, there was no danger that could have been known by either French or Collins by the exercise of ordinary care, then plaintiff can not recover.'    And also erred in qualifying the charge given on that subject, because there was no pleading or evidence to justify the qualification."

The court gave the following charge:   "If with the log as it was, in digging the ditch there was no danger that could have been known to either plaintiff or Collins (assuming Collins to be a competent man in his business) by the exercise of ordinary care, then plaintiff can not recover."

The only material difference between the charge given and that asked by defendant and refused by the court consists in inserting in parentheses the words " *assuming Collins to be a competent man in his business.*"    In

passing upon this assignment, and speaking of the qualifying language, "assuming Collins to be a competent man in his business," the Court of Civil Appeals says: "The responsibility placed upon the defendant by the qualification is no greater than the law imposes." This is true, and if there had been such an issue made by the pleading and evidence, the charge would not have been improper. There being no allegation in the pleading that Collins was incompetent, and no evidence to that effect, it was not proper to give the jury any charge which submitted to them the question of his competency or incompetency.

We think that the jury from this charge must have understood, that in order to apply this test to the facts as to whether the appellant was to be held liable for the results of a danger that could have been discovered by neither Collins nor plaintiff, they must first determine whether or not Collins was "a competent man in his business." If he was competent, and the danger could not be known to either, then plaintiff could not recover; and if Collins was not competent, then plaintiff would not be debarred of his right of recovery by the fact that the danger could not have been known to either of them. This placed Collins' competency in issue before the jury without pleading or evidence, which was error.

For the errors committed by the District Court, and the failure of the Court of Civil Appeals to sustain the assignments presenting these errors, it is ordered, that the judgment of the Court of Civil Appeals and of the District Court be reversed, and that this cause be remanded to the District Court for further trial; and it is further ordered, that the appellant recover of the appellee all costs of this court and of the Court of Civil Appeals.

*Reversed and remanded.*

Delivered October 26, 1893.