TEXAS & NEW ORLEANS RAILWAY COMPANY V. PETE MCKEE.

No. 710.

**Master and Servant—Injuries from Defective Machinery.—**The master is bound only to exercise reasonable care in reference to all the appliances of the business, and is under obligation to protect his servants from injury therefrom by reason of latent or unseen defects, so far as reasonable care and foresight can accomplish that result; but the servant is bound to see for himself such risks and hazards as are plainly obvious; and where he has equal knowledge with the master of the danger incident to the work, he takes the risk upon himself if he goes on with it. See the opinion for case where the master is held not liable for injury caused by the explosion of a lubricator used on a railway engine.

ERROR from Harris. Tried below before W. P. HAMBLEN, Esq., Special Judge.

*W. N. Shaw,* for plaintiff in error.—1. When the servant is engaged in a particular service, where, under the circumstances, by lapse of time, or if ordinarily observant, he could have informed himself of the nature and character of the appliances he deals with, and the incidental risks or danger, if any, attendant upon their use, his opportunity to know will be held as knowledge, whether in fact he knew or not. Railway v. Lempe, 59 Texas, 19; Wood on Mast. and Serv., secs. 326, 336, 349.

2. That which never happened before, and which in its character is not such as naturally to occur to prudent men to guard against its happening at all, can not, when in the course of years it does happen, furnish good ground for a charge of negligence in not foreseeing its possible happening, and guarding against that remote contingency. Porter v. Railway, 60 Mo., 160; Walsh v. Railway, 2 Am. and Eng. Ry. Cases, 145; Kitteringham v. Railway, 62 Iowa, 285; 18 Am. and Eng. Ry. Cases, 15; 5 Am. and Eng. Encyc. of Law, 10, note d; 1 Suth. on Dam., 56, et seq.

*E. P Hamblen,* for defendant in error.—1. As the superior officers of the railroad company knew that these lubricators were furnished by the makers with a metal protector or shield to prevent damage to firemen in case of explosion of the lubricator, and as the defendant in error was a young and inexperienced person, it was their duty to furnish the said lubricator with one of those shields, or at least to explain to him the possible danger from explosion, and the means of protection from danger. Receivers v. Moore, 3 Texas Civ. App., 423; Railway v. Crow, 3 Texas Civ. App., 268; Railway v. White, 82 Texas, 543; Railway v. O'Hare, 64 Texas, 601.

2. The corporation is equally chargeable, whether the negligence was in originally failing to provide or in afterwards failing to keep its machinery in safe condition. Railway v. Schneider, U. S. Supreme Court, April 16, 1894; Hough v. Railway, 100 U. S., 219; Railway v. Marcelles, 59 Texas, 335.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted by defendant in error against the plaintiff in error for the recovery of damages for personal injuries sustained by him while in the employment of the defendant companies in the capacity of fireman upon one of their engines. The injury complained of was the loss of one eye and damage to the other by the explosion of the lubricator attached to the engine which plaintiff was firing. The plaintiff averred, that the explosion resulted from a defect in the lubricator, which was known to defendant, and was unknown to plaintiff, and that his injury resulted from the negligence of defendants, without negligence on his part.

The defendant companies answered separately, denying generally the allegations of the petition, and by special plea, that plaintiff was

familiar with the risks and dangers, if any, incident to the use of such lubricators as the one which was being used by plaintiff at the time of his injury.

A trial was had by the court without a jury, and judgment was rendered for plaintiff for $6000. The trial court reached the conclusion, from the facts, that the lubricator furnished plaintiff was not a reasonably safe implement, and that the defect in the lubricator, and the consequent hazard incident to its use, were both unknown to plaintiff. The plaintiff in error makes no complaint as to the amount of damages awarded by the court; and the only question submitted for our decision is, do the facts warrant a recovery by the plaintiff? If the lubricator was not reasonably safe, and by reason thereof, without fault or negligence on his part, plaintiff was injured, he should recover compensatory damages, unless the danger incident to the use of such implement was known to him; and if so, he assumed the risk, and defendants are not liable to him for damages.

Our conclusions of fact, deduced from the record, are: That the plaintiff was in his twenty-third year at the time of his injury; that he had been engaged for nearly four years in the service of several railroads as fireman, and for nine months of this period he had been in the service of the defendant, the Texas & New Orleans Railway, and during that time, and for seven or eight months previous, while in the employment of the Houston & Texas Central Railroad Company, he had been handling and operating lubricators, just such as the one which exploded, and by which he was injured; that the lubricators used by the defendant company were, when they left the hands of the manufacturer, covered with a tin case, called a shield; and these shields were by the officers of the company delivered to any engineer or fireman who made demand for them; but such demands were seldom made, the engineers and firemen almost universally preferring to use the instrument without the shield. The lubricator is a glass cylinder about five inches long and one inch in diameter; it is filled with hot water and oil, and by the application of a jet of steam to the water and oil, the instrument automatically lubricates the several parts of the engine requiring lubrication; the instrument is operated sometimes by the engineer and at others by the fireman. It has to be observed while the train is in motion by these two operatives, to see that it is properly discharging its office, and the supply of oil is replenished or additional steam is applied as the necessity may require; and to enable the operator to see whether sufficient oil is being forced through the water upon the engine, the shield has an aperture or two about one-half inch square, but by reason of the diminutive size of these apertures, it is very difficult to discover the movement of the oil through the water, and for this reason, as we have before remarked, the shield is seldom used, the engineers and firemen generally regarding it as a hindrance and a nuisance, rather than a benefit; that plaintiff had never seen a shield, and was ignorant of its existence; that

there are lubricators manufactured without shields, but that the lubricator used by the Texas & New Orleans Railroad Company, and the Houston & Texas Central, and the Southern Pacific, is made and sold with a shield, but that with few exceptions they are discarded by the firemen and engineers upon those roads; that while the shield is intended by the manufacturer as a protection in case the cylinder explodes, it is questionable, from the opinions of the various witnesses who had had experience in the handling and operating of the lubricator, whether it is safer to use it without or with the shield; that in the experience of numerous witnesses for a period of several years there had been no explosion of a lubricator upon any one of the above named roads, other than that by which plaintiff was injured. The cylinders frequently cracked, and when they did so they were replaced by new ones; that the one which had been in use for some time on the engine which plaintiff was firing cracked on the morning of the day on which plaintiff was injured, and plaintiff under the direction of the engineer removed it, and with the assistance of the latter fitted a new one, taken from the "feed box" in which a number of the implements were kept, into the place of the broken one. The engineer and the plaintiff had ample opportunity to discover any flaw in this cylinder, had there been any; that the engine upon which the explosion occurred had recently been repaired in the workshops of the defendants at Houston, and then it was returned to the engineer with a lubricator, with its shield off; that the foreman judged it unnecessary to place the lubricator in its shield, for the reason that the operatives generally refused to use the shields; that it was a part of the duties of the plaintiff to handle and keep in place the lubricator, and to cleanse it and supply it with water and oil, and under the direction of the engineer to observe its operation and supply steam to it when necessary, and that this service he had been performing on defendant's road and on the Houston & Texas Central road for sixteen or seventeen months, and all of the lubricators used and operated by him within that period were of the same kind as the one by which he was injured—a glass cylinder five inches in length by one in diameter, without shield.

Upon these conclusions of fact which have been forced upon our minds by the undisputed evidence adduced upon the trial, we are of the opinion that the judgment rendered for the plaintiff is not sustained by the evidence. The master is not an insurer against injury to his servant. He is bound only to exercise reasonable care in reference to all the appliances of the business, and is under obligation to protect his servants from injury therefrom by reason of latent or unseen defects, so far as reasonable care and foresight can accomplish that result. The servant is bound to see for himself such risks and hazards as are plainly obvious, and where he has equal knowledge with the master of the danger incident to the work, he takes the risk upon himself if he goes on with it. To this last rule there are excep-

tions, but the plaintiff's case comes within none of them; he is neither inexperienced, nor does the evidence show or even tend to show him deficient in discretion, and thereby incapable of appreciating the dangers, if any, incident to the use of the lubricator without a shield. Vide Wood's Mast. and Serv., secs. 326, 349; Railway v. Lemp, 59 Texas, 19; Railway v. French, 86 Texas, 96. That his opportunities for seeing and appreciating the hazard incident to his situation were equal to those of his employers, the evidence leaves no doubt on our minds and the court erred in not rendering judgment for the defendants; and the judgment is therefore reversed and here rendered for them.

*Reversed and rendered.*

Delivered December 20, 1894.

Writ of error refused.