## HODGSON *v.* MICHIGAN CENTRAL RAILROAD CO.

MASTER AND SERVANT—PERSONAL INJURIES — DANGEROUS PLACE
TO WORK—ASSUMED RISK.

There is no latent or concealed danger in digging a trench seven
feet deep in ground frozen to the depth of three feet that re-
quires a master to take especial care to warn and protect his
servants, and the danger from injury, by reason of the frozen
earth falling into the trench, is an apparent risk which a ser-
vant of three weeks' experience assumes.

Error to Berrien; Coolidge, J.   Submitted November
13, 1906.   (Docket No. 120.)   Decided December 17,
1906.

Case by William H. Hodgson against the Michigan
Central Railroad Company for personal injuries.   There
was judgment for defendant on a verdict directed by the
court, and plaintiff brings error.   Affirmed.

Plaintiff was a laborer in the employ of defendant and
was engaged in laying water pipe in a trench excavated
by defendant.   One and one-half miles of pipe in all were
laid, and plaintiff had worked in and about the trench for
about three weeks.   He had had previous experience in
digging trenches, none of them as deep as was the one in
question at the point where he was hurt.   The pipe was
10-inch pipe, in lengths of 12 feet.   The method was to
excavate sufficiently for a length of pipe, put the pipe in
position, and fill the trench, and one set of men were em-
ployed in excavating, another in pipe laying, and a third
in filling the trench.   Plaintiff, on the morning of Jan-
uary 6, 1904, was in the trench assisting in placing a length
of pipe.   The trench was about 7 feet deep, about 3 feet
wide at the top, 12 or 14 inches at bottom, had been partly
opened the day before, and the side walls were frozen to
a point some 3 feet or more from the top.   The walls were

not shored or otherwise supported. There was a cave-in from one side, the one on which the earth was thrown, plaintiff was caught, buried to his waist, and injured. During the three weeks that plaintiff had worked there, he had seen and heard of no caving of the trench, nor had any dirt, to his knowledge, fallen into the trench. There was nothing about the trench when plaintiff got into it which indicated danger. He had never worked before in so deep a trench. Plaintiff having rested his case, the court, on motion of counsel for defendant, directed a verdict for defendant. Judgment was entered on the verdict.

*Burns & Sweet,* for appellant.

*O. E. Butterfield (Henry Russel,* of counsel), for appellee.

OSTRANDER, J. *(after stating the facts).* It is the contention of counsel for the plaintiff that there existed, at the time and place of the injury, peculiar conditions, unknown to plaintiff, which increased the risk of his employment, which defendant was negligent in not guarding him against. *Ostrander* v. *City of Lansing,* 111 Mich. 693. Evidence of such peculiar conditions is found, if at all, in the testimony of two of plaintiff's witnesses. I quote:

"The danger from the freezing of the sides of a ditch is that if you dig below the frozen ground and have the heft of the dirt above or any jar the side will slide in. It would be more apt to slide in where it is frozen if there was any dirt fell out from below; that is, the frozen part would loosen from the the other—that is, from the part back of it. I learned this from experience. I have been engaged in other work beside farming and such work. I don't know about this matter being the general knowledge of most men. Can speak only for myself."

Another witness who was with plaintiff in the trench testified:

"At the time of the accident I did not know anything about the effect of freezing of the side of the bank, but I

have since learned what the effect is. The sand will start below the freezing, and that will weaken it above, where there is so much heft on one side as where it caved. The frozen portion will break loose from the other. * * * The jar, any jar, would be more apt to make that fall in."

Trains had that morning passed the point where the injury occurred at a distance of 25 feet. If it is a fact in physics that frozen earth unsupported will not sustain itself, and whatever may be placed upon it as well as if it is not frozen, it is not made to appear that the agents of defendant had or should have had knowledge of the fact. If unfrozen earth, under a frozen crust of earth three or four feet in thickness, in a trench the walls of which slope more than three inches to each foot of depth, and which is only seven feet deep, is likely to move when it would not do so if there was no crust, it would seem that plaintiff's experience of three weeks in and about this trench, dug in midwinter, should have discovered the fact to him. If, as is likely, and as I shall assume, these witnesses meant to be understood as saying the frozen earth, unsupported, was more likely to break off from the bank and to go into the excavation in masses, than would earth not frozen, such a condition cannot be said to be peculiar to this trench, dug in freezing weather and in mixed soil. Such danger is not latent or concealed. When the soil at the bottom of the trench moved out into the trench, leaving the side wall unsupported, the danger was, of course, apparent. That it might do so was a risk of the employment assumed by plaintiff. There was no risk which was not as apparent to him as to any one else who had his considerable experience. The soil began to move about three inches from the bottom of the trench. Some one who saw it gave an alarm. Plaintiff, unfortunately, was unable to escape the incoming earth. The case is ruled by *Foley* v. *Gaslight Co.*, 127 Mich. 671.

The judgment is affirmed.

Carpenter, C. J., and McAlvay, Montgomery, and Hooker, JJ., concurred.