SNIPES et al. v. BOMAR COTTON OIL CO.†

(Court of Civil Appeals of Texas. Texarkana. May 4, 1911. Rehearing Denied May 18, 1911.)

1. MASTER AND SERVANT (§ 260*)—INJURY TO SERVANT—ASSUMPTION OF RISK—PLEADING.

A petition in an action for the death of an engineer while operating a stationary engine, which alleges that the base on which the engine

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error granted by Supreme Court.

stood was too narrow to furnish safe standing room; that the passageway between the engine and the outer edge of the opening in the floor in which a drivewheel revolved was too narrow, in that the width of the cement base was six inches and the floor space six inches; that a guard rail was placed across the open space, instead of on the outer edge thereof; that decedent slipped or fell into the opening—states no cause of action, as the facts show that he assumed the risk of injury, notwithstanding any allegations to the contrary.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 260.*]

**2. PLEADING (§ 8*)—CONCLUSIONS.**

Where the facts show that the position of a guard rail, alleged as a defect, was plainly visible, an allegation in an action for the death of a servant that it could not be discovered by a casual observer, and was not known to decedent, was but a mere conclusion, and could not prevail against the facts alleged.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 8.*]

**3. MASTER AND SERVANT (§ 258*)—INJURY TO SERVANT—NEGLIGENCE—PETITION.**

A petition in an action for the death of a servant which alleges that decedent's feet slipped from under him on a greasy floor, precipitating him into an unguarded pit where a wheel was revolving, or that he stepped into the pit, or otherwise came into contact with the wheel, does not sufficiently allege that the condition of the floor was the cause of the accident, under the rule that plaintiff suing for a negligent injury must affirmatively allege that the negligent act relied on was the proximate cause of the injury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 258.*]

Appeal from District Court, Cooke County; C. B. Potter, Judge.

Action by Mrs. Agnes Snipes and others against the Bomar Cotton Oil Company. From a judgment for defendant, on demurrer to the petition, plaintiffs appeal. Affirmed.

The suit is by the wife and children of James A. Snipes to recover the damages suffered on account of his death. The court sustained a general demurrer to the petition, and, upon the appellants' declining to amend, judgment was entered in favor of the appellee. The ruling of the court in sustaining the demurrer· is made the basis of the assignment for error. The petition alleged the facts to be that James A. Snipes was employed by appellee as an engineer to run and operate the engine and machinery at its cotton oil mill. The engine was set on a cement base, which was about six inches wider on the side than the engine and about six inches higher than the surrounding floor of the room. In order to reach and oil the knuckle or eccentric on the engine, it was necessary, and required, that the engineer should stand on this extended space of the cement base upon upon which the engine rested. Connected to the engine by a shaft was a large drivewheel, which revolved with great rapidity and force. It was situated to the north and near the engine, and extended farther west than the engine. The space between the engine and the wheel was used as a passageway in performing duties about the machinery. This wheel revolved partly above the floor of the room and partly below the floor. To enable the wheel to properly revolve below the floor, an opening was made in the floor, and there was excavated beneath a pit just large enough for the wheel to have clear space in its revolutions. The opening in the floor on the side of the wheel was about 14 inches, and was safeguarded by an iron rail about four feet high running across the middle of the same. It was alleged that Snipes had worked about the machinery and engine and room for about 10 days before his death, and had frequently stepped upon and occupied the extension of the cement base to oil and handle the eccentric, as was his duty, and constantly used the passageway for his work. It is alleged that on October 15, 1909, "the said James A. Snipes, acting prudently and in the performance of his duty, went between the engine and the drivewheel and pit, and his feet slipped under him on the broken, uneven, and greasy floor, and he was precipitated into the unprotected pit around said wheel, or he stepped into said pit while at his work, or otherwise came into contact with said unprotected wheel when said wheel was revolving with much rapidity and force, and, his clothes and limbs becoming entangled in said wheel, he was instantly torn and mutilated and killed."

Jas. T. Miller and Potter, Culp & Culp, for appellants. Davis & Thomason, Walter F. Seay, and Garnett & Garnett, for appellee.

LEVY, J. (after stating the facts as above). [1] The negligence is alleged to be in failing to provide a reasonably safe place in which to do the work an engineer was required to do about the machinery, in that (1) the cement base was too narrow to furnish safe standing room; (2) the passageway between the engine and the outer edge of the opening in the floor in which the drivewheel revolved was too narrow, in that the width of the cement base was six inches, and the floor space was six inches, and the floor was six inches below the cement base, making the passageway narrow and uneven or broken; (3) in permitting the standing space on the cement base to become greasy, slick, and slippery, rendering it still more dangerous to occupy the same; and (4) in placing the guard rail around the 14 inches open space on the side of the wheel midway across the open space instead of on the outer edge of the open space. It must be said from the petition, we think, that the narrowness of the space between the edge of the opening in the floor in which the drivewheel was operated and the cement base, and the width of the cement base, and the height of the cement base above the floor of the room, and the opening in the floor that the drivewheel revolved in, and the location of the guard

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

rail, were all of such a fixed character and situation as to be manifestly open and obvious and readily and easily seen by any person of average intelligence constantly and frequently using and passing the same in the ordinary discharge of his work. The petition alleges that deceased was employed as an engineer to operate the engine and machinery, and had been thus engaged for 10 days, and his duties constantly called upon and required him to pass in and along the passageway and to use and occupy the cement base in question. Viewing these facts as alleged, it must be necessarily inferred therefrom that the deceased must have known, or had the fullest opportunity and facilities for ascertaining, before his injury, of the conditions existing. And it must be conclusively assumed that an engineer, as deceased was, realized the danger of injury from the revolving wheel. The risk attendant upon standing or walking on a narrow space next a revolving wheel was evident to him or to any person possessed of average intelligence. So if deceased before his injury had knowledge of these alleged defects that made the place not reasonably safe to work in, or they were so open and obvious as that he could not have failed by mere use of his eyesight to see and he knew and appreciated the danger therefrom in doing the work in which he was engaged, all of which appears from the alleged facts, then the doctrine of assumed risk would be applicable, and would preclude a recovery to appellants. Appellants in their brief concede that the deceased would be held to have assumed the risk of the facts relied on in the first and second grounds alleged, but they insist that such ruling of the trial court is not applicable to the fourth ground above. The fourth ground refers to the placing of the guard rail midway across the open space of 14 inches, instead of on the outer edge of the same. As relieving the deceased of knowledge of the location of the guard rail, the following allegation is made: "And this fact could not be discovered by a casual observer, and was not known to said Snipes." The facts alleged (and we must take them to be true) show that the guard rail was four feet high and was situated on the south side of the drivewheel and next the engine, and was erected as a safeguard to the opening in question. It is further shown, as stated, that the deceased in the performance of his duties constantly went along and by this guard rail. The opening across which this guard rail was placed as a safeguard was in about six inches of the passageway, and the upright of the guard rail was attached to the floor on the edge of the opening. Being a thing fixed and permanent, and so obvious and in such close proximity to the passageway, and the deceased so constantly passing it, it must be conclusively inferred that deceased saw or should necessarily have seen it.

[2] The state of facts shows that the guard rail was plainly visible and open to be seen; and therefore the allegation that it could not be discovered by a casual observer and was not known to deceased is entirely inconsistent and in conflict with the facts pleaded. It amounts to an allegation of a mere conclusion. And it could not prevail as a conclusion, because it is in conflict with, and not supported by, the facts shown. So, if from all the facts shown upon the face of the petition there must be necessarily ascribed to deceased a knowledge of the defects relied upon as establishing negligence on appellee's part, and a knowledge of the dangers arising therefrom, as must be, he would be held to have assumed the risk of the situation so known to him, and appellants are without right to recover. Coal Co. v. Holt, 118 S. W. 825; Railway Co. v. Hynson, 101 Tex. 543, 109 S. W. 929; Oil Co. v. Stubblefield, 115 S. W. 626; Railway Co. v. French, 86 Tex. 96, 23 S. W. 642; Bonnett v. Railway Co., 89 Tex. 72, 33 S. W. 334.

[3] The next question is, therefore, whether it is sufficiently alleged that the death was caused by the negligence of appellee in permitting the cement base to be in a greasy and slippery condition. We can treat the general allegation of "was negligent in permitting the said standing space to become greasy, slick, and slippery" as good against a general demurrer. But the real question remains as to whether the petition could properly be said to have charged that the death was caused by this particular negligence. The only allegation in this respect is "that on October 15, 1909, the said James A. Snipes, acting prudently and in the performance of his duty, went between the engine and the drivewheel and pit, and his feet slipped under him on the broken, uneven, and greasy floor, and he was precipitated into the unprotected pit around said wheel, or he slipped into said pit while at his work, or otherwise came into contact with said unprotected wheel while said wheel was revolving with much rapidity and force, and his clothes and limbs becoming entangled in said wheel he was instantly torn, mutilated, and killed." The facts there stated and offered to show the cause of the death, as seen, are merely (1) that his feet slipped under him on the greasy floor, precipitating him into the pit where the wheel was revolving; or (2) that he stepped into the pit; or (3) that he "otherwise came into contact with said unprotected wheel." So the facts relied on to show how deceased was killed are so uncertain, and appear so purely conjectural, as to fail to convey any information from which the court or jury could ascertain the truth. Having stated how deceased was killed in an alternative way, it should fairly be presumed that the appellants were not in possession of facts that could or would show the efficient cause of the death. If appellants did not know how deceased got against the revolv-

ing wheel, how could they show that his death was the proximate result of the greasy condition of the cement base? It is incumbent on the plaintiff to affirmatively allege that the negligent act stated was the proximate cause of the injury. 6 Thompson on Neg. § 7457. That the petition here does not do so is manifest. The court did not err in sustaining the demurrer.

The judgment was ordered affirmed.