PASSONS v. MISSOURI, K. & T. RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas. Dallas. May 6, 1911.)

1. TRIAL (§ 251*)—SUBMISSION OF ISSUES—CONFORMITY TO PLEADINGS.
In a suit against a railway company for a nuisance, counting on unnecessary noises made

by passing locomotives, it was error to predicate plaintiff's right to recover on unusual noises.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

2. TRIAL (§ 203*)—ISSUES—DUTY TO SUBMIT.

It is error to omit to submit an issue raised by the pleadings and evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

3. RAILROADS (§ 222*) — NUISANCES — DEFENSES.

A railroad company cannot defeat liability for nuisances arising from unnecessary noises because railroads generally are operated in the same way.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 720–724; Dec. Dig. § 222.*]

4. LIMITATION OF ACTIONS (§ 55*)—NUISANCES—LIMITATIONS.

That a railroad company has been operated for more than two years does not preclude an adjoining landowner from recovering for nuisances maintained within two years before suit arising from the method of operating trains.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 299–306; Dec. Dig. § 55.*]

Error from District Court, Hunt County; R. L. Porter, Judge.

Action by J. H. Passons against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

B. Q. Evans, for plaintiff in error. Craddock & Dinsmore, for defendant in error.

RAINEY, C. J. Plaintiff sued defendant to recover damages to his homestead and for the discomfort, etc., to himself and wife, occasioned by the improper operation of its trains. The petition, in effect, alleges that he and his wife own and occupy a house and lot, their homestead, which fronts 75 feet on Wellington street, in the city of Greenville, and 190 feet fronts on defendant's right of way; that the distance from his house to the nearest track is 68 feet; that defendant operates along its several tracks across Wellington street near plaintiff's residence on an average of 30 engines, which pass his residence in the aggregate as often as 150 times each day; that there is a city ordinance prohibiting the running of engines at a greater rate of speed than 6 miles an hour in the city limits, a violation of which constitutes a misdemeanor, and imposes a fine of not less than $5 nor more than $100; that in operating its engines opposite plaintiff's residence each day and night they run at a much greater rate of speed than allowed by said ordinance; that said engines frequently stop on said street, and while so standing, and while crossing the same, the whistle is permitted to be blown and steam to escape; that the whistle is blown as many as· 250 times each day, which is unnecessary to the operation of its ·business, and could be dispensed with, or greatly reduced in the number of times it is ·blown opposite plaintiff's house; that trains are frequently overload-

ed; that spark arresters are not kept in repair; that trains run at a great rate of speed; that smoke, cinders, and sparks are emitted from the engines, which are cast on plaintiff's premises, into his house, etc., to the great discomfort and annoyance of himself and wife, and greatly reducing the value of said house and lot; that the unnecessary noises and negligent operation of said trains has injured his wife's health, causing nervous prostration and mental and physical pain and suffering, and rendering their home practically unfit for habitation, to his damage $5,000. Defendant pleaded the statute of limitation of two years and contributory negligence. A trial resulted in a verdict and judgment in favor of defendant, and plaintiff appeals.

[1] The court charged the jury as follows: "In this case the plaintiff, J. H. Passons, and the Darnells, seek to recover damages to a house and lot situated adjacent to plaintiff's right of way in Greenville, Tex., and on this cause of action the court instructs you that the plaintiffs cannot recover, and you will find a verdict for the defendant. The plaintiff, J. H. Passons, also seeks to recover damages for personal injury to himself and to his wife, and on that issue you are instructed that if you believe from the evidence that since September 21, 1905, the agents and servants of the defendant company in the operation and handling of its engines opposite or near the residence of the plaintiff blew the whistles thereof or let off steam therefrom, and you believe that the same caused unusual noises, and that as a proximate result thereof the plaintiff or his wife were shocked, distressed, or disturbed in body or mind, or that plaintiff's wife was injured in her health, and if you further believe from the evidence that the blowing of said whistle, if any, or the letting off of steam, if any, opposite or near the residence of plaintiff, if you so find, was negligence on the part of the defendant company, its servants, or agents as that term has been heretofore defined, then, and in such event, you will find for the plaintiff. If you believe from the evidence that the agents and servants of the defendant did not blow the whistles of the engines or let off steam therefrom opposite or near the residence of plaintiff, and did not thereby cause any unusual noise, or if you find from the evidence that such whistles were blown and that steam was permitted to escape from the engines, as mentioned above, in so doing you find that the defendant's said agents and servants were acting as persons of ordinary care and prudence engaged in the operation of trains and engines would have acted under the same or similar circumstances, or if you believe from the evidence that neither the plaintiff, J. H. Passons, or his wife, has, as the proximate result of the whistling or the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

escaping of steam from said engines, if you find such the case, suffered any shock, distress, or disturbance of body or mind, and that plaintiff's wife was not injured in her health as the proximate result thereof, then, if you so find, your verdict should be for the defendant." Plaintiff complains of this charge of the court, and urges that: "The issue submitted in the general charge to the effect that the trains made unusual noises opposite residences was not pleaded or relied on by plaintiff, but one of the causes of action relied on by the plaintiff, as appears from the petition, was sounding the whistle on the public street opposite plaintiff's premises when the same was unnecessary and could be dispensed with or reduced in number." We think the criticism of the charge is just. The plaintiff did not predicate his right of recovery on the trains making unusual noises, but upon the proposition that the noises made were unnecessary in the proper operation of the trains. While noises which are unnecessary in the proper operation of a train may be considered as unusual in a sense, yet the term "unusual noises," as used by the court, may have misled the jury from the issue pleaded and supported by plaintiff's evidence, that the noises made were unnecessary for the proper operation of the trains. The issue of unusual noises was not made by the pleadings, nor the evidence, and the court erred in so charging. Railway v. French, 86 Tex. 96, 23 S. W. 642; Railway Co. v. Knox, 75 S. W. 543; Railway Co. v. Powell, 41 S. W. 695.

[2] The second assignment of error is: "The court erred in failing to submit to the jury the issues made by the pleadings and evidence, as set forth in plaintiff's petition, and as supported by the evidence of the witnesses. It was alleged in plaintiff's petition that the defendant had failed and neglected to equip its engines with proper spark arresters, the defendant had permitted the same to become defective and out of repair, or that the defendant had negligently and carelessly handled and propelled its engines while passing plaintiff's premises so that large volumes of fire and hot cinders were thereby caused to escape from said engines, especially when being operated at a greater rate of speed than six miles per hour, and especially when the engines were being used to pull overloaded trains, and were caused to be thrown onto plaintiff's house, premises, and in his house, and injure the bedclothing, water in the cisterns, and to keep plaintiff and his wife in constant dread, and otherwise causing them to suffer physical discomfort and inconvenience. The court failed to submit this issue to the jury, and for which failure a new trial should be granted." The court failed to submit to the jury the issue set forth in this assignment. The issue was raised by the pleading and evidence, and

the failure of the court to submit it was error. Boettler v. Tumlinson, 77 S. W. 824.

[3] The court charged the jury that "the defendant company has a legal right to operate its trains and conduct its business in the manner in which such trains are operated and such business conducted by railroad companies generally in this state when managed by competent and prudent persons. Therefore, if you find that railway companies generally in this state, when managed by competent and prudent persons, usually and customarily give signals by sounding the whistles of their engines under the circumstances shown by the evidence in this case, then plaintiff has no cause of complaint against the defendant on account of its giving signals by the sounding of whistles, instead of giving signals by some other method not usually and customarily employed by railway companies generally in this state for the purpose of giving such signals." This charge is assigned as error. We think the assignment well taken. An issue of nuisance was raised by the pleading and evidence; and the manner of how other railroads were operating did not form a criterion for determining whether or not the defendant was creating a nuisance. The issue was, Did the defendant create a nuisance? This must be determined by the acts of defendant. The defendant had the right to operate its railroad in a careful way. In doing so it is not liable for the making of noises and emitting of sparks by its engines, as are necessarily incident to such operation, but when in the operation a nuisance is created by the making of unnecessary noises or allowing their engines to unnecessarily emit volumes of smoke, cinders, etc., then it becomes liable for such acts.

[4] Plaintiff's cause of action was not barred by the statute of limitation of two years; the road having been built and operated for a longer period than two years before plaintiff's action was instituted. Plaintiff's suit was for a nuisance and for such the railroad was liable for the acts done, within two years next preceding the institution of suit.

The judgment is reversed, and the cause remanded.