## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. EVANS.

(Court of Civil Appeals of Texas. Texarkana. June 26, 1913.)

1. RAILROADS (§ 305*)—HIGHWAYS—CROSSINGS — RESTORATION OF HIGHWAY — INJURIES TO TRAVELERS—NEGLIGENCE.

Const. art. 10, § 1, and Rev. Civ. St. 1911, arts. 6481, 6485, provide that any railroad corporation may construct its road across any highway intersected thereby, but shall restore the highway to its former state, or to such a state as not unnecessarily to impair its usefulness, and shall keep such crossing in repair. Defendant railroad company, in raising its tracks over a highway on the morning of the injury, had removed the dirt between the ties at the crossing, and made an embankment 18 inches high on the side of the track over the highway. On each side of the traveled part of the road the track had been surfaced up by putting gravel under and between the ties, but at the time plaintiff attempted to lead his horse across the tracks nothing had been done to restore the traveled part of the road to its former state, and while plaintiff was attempting at the suggestion of defendant's foreman to lead his horse and buggy over the tracks the horse became frightened by his feet slipping into the spaces between the ties and ran away, causing plaintiff's injuries. *Held*, that defendant's failure to provide a crossing on either side of the traveled part of the road for the temporary use of the public until the road had been restored, as it could have done, constituted actionable negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 968–971; Dec. Dig. § 305.*]

2. RAILROADS (§ 350*)—UNPROTECTED CROSSING—INJURIES TO TRAVELERS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Plaintiff, in attempting to lead his horse over the tracks in accordance with the suggestion of defendant's foreman in charge of the work, was not negligent, as a matter of law, in attempting to traverse the crossing instead of traveling about a mile further to another crossing,·where he could have crossed in safety.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

3. TRIAL (§ 251*) — INSTRUCTIONS — APPLICATION TO PLEADING.

Where, in an action for injuries to plaintiff while leading his horse over a defective highway crossing over defendant's railroad at the suggestion of defendant's foreman in·charge of construction work going on at the crossing, the· petition counted on the railroad company's negligence in failing to provide a safe crossing, and did not allege as a ground for recovery the negligence of the foreman in inviting plaintiff to cross and informing him that he could cross in safety, an instruction that the jury should find for plaintiff if they believed defendant's foreman induced plaintiff to attempt the crossing, and, knowing the facts and circumstances of the case, he was negligent in so doing, and such negligence was the proximate cause of plaintiff's injury, was erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by B. B. Evans against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded for new trial.

Appellant's line of railway in Collin county, running north and south, crossed a public road running each and west. In 1910, in reconstructing or repairing its track across said road, appellant raised same eight inches higher than it was before. To do this the dirt between the ties was taken out and thrown to the south side of the track, making an embankment about 18 inches high. In attempting to lead his horse, drawing a buggy, over the embankment and across the track, appellee was injured as a result of the horse's becoming frightened. In his petition appellee alleged that he was a mail carrier, and at the time of the accident "was on his route delivering mail, using for the purpose of carrying his mail a horse and single buggy." He then alleged as follows: "That when he·reached the point where the defendant's railroad crosses the public road, the agents and servants of the defendant were then present, repairing the track and roadbed on said crossing; that they had removed the dirt from between the ties and around the rails on the public road crossing, making it a skeleton track, and had removed all the dirt from between the ties to the depth and thickness of the ties, which was six or seven inches, and that the dirt had been piled out, forming an embankment or ridge, across the public dirt road, parallel with the railroad and something near the ends of the ties; that when plaintiff drove up to said crossing

he was directed by the agents and servants of defendant in charge of the work that it would be all right to cross over the same; that others had been crossing over the crossing that morning before, and he got out of the buggy to lead his horse across the track, and when he had gotten onto this track, he then discovered that the dirt had been removed from between the ties to such a depth, and he did not know that the hole between the ties was so deep until he and the horse were on the same, and that when he led his horse onto the skeleton track the horse became frightened, caused by the horse's feet striking the ties on the edge and then stepping between the ties, and the buggy rolling over the embankment and onto the rails, and it frightened him, and he started to run away; that plaintiff was jerked by said horse and carried some distance before plaintiff could safely turn him loose, and when he did turn the horse loose, he was struck by the buggy." As negligence on the part of appellant entitling him to recover against it, as he sought to, appellee alleged matters set out in his petition as follows: "Plaintiff shows that the defendant, acting by its authorized agents and servants, negligently and carelessly permitted the said public highway to remain in such condition to be unfit to cross the same with safety, and that said agents and servants were guilty of negligence in removing all of the dirt from every part of the crossing at the same time, and in not leaving some portion open and accessible for persons to cross same. Plaintiff shows that said defendant, acting by its agents and servants, was guilty of negligence in digging out the dirt between all the ties, and forming the ridge across the public road, as aforesaid, and in permitting the same to remain in that condition, all of which was unnecessary, and rendering the same dangerous and hazardous; that plaintiff in approaching said crossing was carrying the mail, and he had no other route to go, and no other way to cross the road, except at this point, and that, relying upon the representation of the foreman in charge of the work that persons could safely cross the same, he undertook to cross over the road, and was on the crossing before he knew the dangerous condition of the same, all of which was the proximate cause of the frightening of his horse, which resulted in the injury to plaintiff." The appeal is from a judgment in appellee's favor for $2,750.

Head, Smith, Hare & Head, of Sherman, for appellant. B. Q. Evans, of Greeneville, and L. C. Clifton, of McKinney, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant requested the court to instruct the jury to return a verdict in its favor, and in its first assignment complains of the refusal of the court to grant its request. In support of the assignment it is insisted that the testimony failed to show negligence on the part of appellant, but showed "if there was any negligence causing appellee's injuries, it was his own negligence."

[1] Declaring, in the language used in section 1 of article 10 of the Constitution, that "any railroad corporation * * * shall have the right to construct and operate a railroad between any points within this state," the statute further declares that "such corporation shall have the right to construct its road across, along, or upon * * * any * * * highway * * * which the route of said railway, shall intersect or touch; but such corporation shall restore the * * * highway * * * thus intersected or touched to its former state, or to such state as not to unnecessarily impair its usefulness, and shall keep such crossing in repair." Articles 6481 and 6485, R. S. 1911. Construing the statute, the Court of Civil Appeals of the Fifth District, in Texas Midland Ry. Co. v. Johnson, 20 Tex. Civ. App. 572, 50 S. W. 1044, said: "It was the manifest purpose of the Legislature enacting the statute to require of railroad companies constructing their roads along and across public highways to obstruct or interfere with travel over such public highways to the least degree practicable. They are required to restore it to the former state, not to unnecessarily impair its usefulness, and to keep it in repair. We think a liberal and fair construction of that statute would require the railway company not to wholly prevent passage of travelers along the way during the time of the construction of the railroad, when their passage may practically be provided for during the time the work is going on. If a temporary turn of the highway around the work of construction may practically be provided, then that would be a duty owed by the company to the public." In the case cited the Supreme Court refused an application for a writ of error, and so approved as correct the construction given the statute by the Court of Civil Appeals. It appeared from the testimony that the road in question was 40 feet wide, and that the traveled part thereof was about 15 feet wide. Appellee was injured between 8:30 and 9 o'clock of a morning in March, 1910. During the afternoon of the day before appellee was injured, appellant had raised its track across the road to a point 8 inches higher than it was before, and on the morning of the accident had removed the dirt between the ties, and thrown same to the south side of its track, making an embankment about 18 inches high. On each side of the traveled part of the road appellant's track had been "surfaced up" by putting gravel under and between the ties, but at the time appellee attempted to cross the track over the traveled part of the road nothing had been done towards restoring said traveled part to its former state.

[2] There was testimony from which the jury might have found that appellant could easily have constructed a crossing over its track on either side of the traveled part· of the road, for the use of the public, until it restored said traveled part to its former state. If it might have constructed such a crossing and did not, and so violated a duty it owed to appellee as one of the general public, it cannot be said there was no evidence warranting a finding by the jury that it was guilty of negligence. It is clear, therefore, that the court did not err in refusing to instruct the jury as requested by appellant, unless it was true, as asserted by appellant, that it conclusively appeared that appellee himself was guilty of negligence which contributed to cause the accident which resulted in the injury he suffered. Appellant's insistence in this respect is based on testimony showing that appellee knew, or should have known, the condition of the crossing before he attempted to go over it, and yet chose to use it, when by traveling about a mile further he could have safely crossed the track at another crossing maintained by appellant. As announced by the Supreme Court in Railway Co. v. Gasscamp, 69 Tex. 545, 7 S. W. 227, the law seems to be against appellant's contention. In that case it appeared that the bridge the plaintiff attempted to cross was in a dangerous condition, and that he knew it; but it also appeared that it was being used by the public, and that it was a part of the only public road between the plaintiff's home and the city of Brenham, where he was going at the time of the accident. The court held it could not be said, as a matter of law, that the plaintiff was guilty of contributory negligence, and declared the law to be that if a traveler has "no other convenient way, the mere fact that he takes the chances of a known danger and attempts a passage is not controlling proof of his negligence. Whether the act be negligent or not depends upon the circumstances attending it; and the question is for the determination of the jury."

[3] Appellee testified: "As I approached that crossing I stopped before I got to the crossing and had a conversation with a man they called the straw boss, who was in charge of those men working there at the time. * * * This foreman or straw boss told me that the track was a little rough, but there was a wagon crossed just before, and I could make it all right, to get out and lead across." In his charge the court told the jury, other conditions concurring, to find for appellee if they believed appellant's foreman so stated to appellee; that the latter relied on the statement, and further believed, quoting, "that the defendant company and the foreman of its repairing crew in making the statement to the plaintiff which induced plaintiff to attempt the crossing, if it did,

was, under all the facts and circumstances of the case, guilty of negligence as that word has been heretofore defined, and that such negligence, if any, was the direct and proximate cause of plaintiff's injury." Appellant insists that the instruction was erroneous because appellee had not alleged the conduct of its foreman to be negligence on its part. The contention must be sustained. The allegations in the petition as to the conduct of the foreman, as is shown in the statement above, were not made for the purpose of charging appellant with negligence, but for the purpose of negativing negligence on the part of appellee in attempting, as he did, to go over the crossing. Therefore the instruction was erroneous, for it is well settled that a charge should not authorize a finding of liability on grounds not pleaded. Railway Co. v. Vieno. 26 S. W. 230; Sanches v. Ry. Co., 88 Tex. 117, 30 S. W. 431; Railway Co. v. French, 86 Tex. 98, 23 S. W. 642; Loving v. Dixon, 56 Tex. 75; Railway Co. v. Silegman, 23 S. W. 300.

The rulings made in effect dispose of all the assignments.

For the error pointed out in the charge, the judgment will be reversed, and the cause will be remanded for a new trial.