COMMINGE & GEISLER ET AL. v. J. L. STEVENSON.

No. 2874.

1.  **Fact Case.**—See opinion for facts under which *held* that a powder magazine situated between three hundred and four hundred feet from the plaintiff's residence was a nuisance.

2.  **Pleading.** — Damages which though the natural are not the necessary consequence of the wrongful act of another, must in order to be recovered be specially alleged.

3.  **Damages.**—In actions for damages caused by a continuing nuisance, where the damages are necessarily continuous, it is generally held that a recovery can be had only for such damages as were sustained before the suit was brought; but in Texas a different rule prevails, and to avoid multiplicity of suits all damages sustained up to the date of the trial may be recovered.

4.  **Same.**—All parties who co-operate to create and maintain a nuisance are jointly liable in damages.

5.  **Measure of Damages.**—The measure of damages by owner against one maintaining a nuisance is the difference in the value of the rent or use of the premises with the nuisance and without it.

ERROR from Harris.    Tried below before Hon. James Masterson.
The opinion states the case.

*Goldthwaite & Ewing,* for plaintiffs in error.—1.    There being no phys-
ical invasion of the person or property of the plaintiff, the magazine
would be a nuisance only in the event the same was such as to create rea-
sonably a constant apprehension of a dangerous explosion in the minds
of persons generally of ordinary firmness and judgment similarly situated
to the plaintiff.    The apprehension must be well grounded.    Idle and
unfounded fears of danger not in fact existing will not suffice.    Bur-
ditt v. Swenson, 17 Texas, 489; Barnes v. Hathorn, 7 Am. Law Reg., N.
S., 84, and cases cited in note.

2.    A charge on an issue without foundation, either in the pleadings
or evidence or both, is misleading and erroneous; and where the charge
warrants the recovery of an item of special damage not allowable under
the pleadings and evidence the error is reversible, unless the record shows
that the jury, if giving full credence to the evidence of the defendant,
could not have found as damages a less sum than returned.    Railway v.
Curry, 64 Texas, 87; Railway v. Rider, 62 Texas, 270; Austin v. Talk,
20 Texas, 164; Andrews v. Smithwick, 20 Texas, 111; Markham v. Car-
others, 47 Texas, 22; Railway v. Faber, 63 Texas, 344; Railway v. Gil-
more, 62 Texas, 392.

3.    The plaintiff's measure of damages to his premises, under the
pleadings and evidence, was the difference in the value of the use and
rental of his premises free from the effects of the nuisance and subject
to it up to the commencement of this suit, or at farthest upon the date
of trial.    Under this rule the evidence warranted if not required a ver-
dict for a less sum than found.    Francis v. Schoellkopf, 53 N. Y., 152;
McKeon v. See, 4 Rob., 450; Pinney v. Berry, 61 Mo., 359; Park v.
Railway, 43 Ia., 636; Uline v. Railway, 23 Am. and Eng. Ry. Cases, 3.

*W. P. Crank* and *E. P. Hamblen,* for defendant in error. — 1.    The
evidence clearly shows that the magazine is a nuisance; and the court in
its charge having fairly submitted that issue to the jury, the finding of
the jury will not be disturbed unless it appears to be wholly unsupported
by the evidence.    Wood on Nuis., 2, 74, 75, 142, 143; Burditt v. Swen-
son, 17 Texas, 502; Rhodes v. Dunbar, 57 Pa. St., 290; 4 Wait's Act. and
Def., 731, 732, 749, 773.

2.    There is no error in the charge, and if there is it is technical and
immaterial, and it was corrected by defendants in the special charge given,
and they can not be heard to complain.    Burditt v. Swenson, 17 Texas,
502; 4 Wait's Act. and Def., 731, 732.

ACKER, PRESIDING JUDGE.—J. L. Stevenson brought this suit against

Comminge & Geisler, and afterwards, by supplemental petition, against. E. S. Wood & Son and the Dupont Powder Company, to restrain by injunction the further maintenance of a powder magazine as a private nuisance, and to recover damages for the past maintenance thereof. The Dupont Powder Company, the owner of the magazine and the land on which it was situated, answered by general denial and special plea not. necessary to notice. Comminge & Geisler answered by general denial, and specially that they were subagents, without any discretion or directing control in the premises. E. S. Wood & Son answered by general denial, and specially that they acted in the premises merely as agents of the Dupont Powder Company.

The trial by jury resulted in a verdict against defendants for $400, and declaring the magazine a nuisance, upon which judgment was rendered for the damages found, abating the nuisance, and enjoining and restraining defendants from continuing the use of the property as a magazine, from which this writ of error is prosecuted.

The first assignment of error is: "The verdict is clearly wrong, in that the evidence wholly fails to establish that the magazine in question is a. nuisance." The magazine is between three and four hundred feet from plaintiff's residence, on the prairie, unenclosed, and surrounded by a growth of weeds, grass, and other vegetation indigenous to such outlying lands.

The plaintiff testified that the magazine was a constant source of apprehenson and alarm; that before it was placed there he had rented his property for $75 and $100 per month, but had not been able to rent it at any price since; that to enable him to prosecute this suit he had been compelled to sell an acre of his land for $180, which would have brought $1000 but for the magazine being there. Other witnesses testified as to the depreciation in value of the property and of its use because of the proximity of the magazine.

It appears from the evidence that thousands of pounds of powder are kept stored in it. We think the magazine and its contents afforded suficient ground for plaintiff's apprehension and alarm, and that it satisfactorily appears from the evidence that the magazine is a "thing that worked hurt, inconvenience, and damage" to plaintiff in both his person and property, in violation of his right to enjoy his property free from such hurt, inconvenience, and damage. Rhodes v. Dunbar, 57 Pa. St., 290; 4 Wait's Act. and Def., 731, 732, 749, 773.

The next assignment of error is: "There is error in the court's charge wherein it instructs the jury that if the magazine, as a 'nuisance, 'prevented plaintiff from selling his property, or any part of it, at a price greater than he will be able to get for it if said magazine is abated as a. nuisance, and that but for said magazine plaintiff would have made such.

sale, then the loss in value, if any, so sustained by plaintiff would also be a proper element of damage to be considered by the jury.'"

It is said in Wood's Law of Nuisance, section 871, that "all damages that are the natural and necessary consequence of a nuisance may be re-covered under a general allegation of damage; but damages that although the natural are not a necessary consequence must be specially alleged or no recovery can be had therefor." This is believed to be an established rule applicable to all actions for the recovery of damages resulting from the wrongful act of another.

The depreciation in value of plaintiff's property and of its use was the natural and necessary consequence of the nuisance; but the failure of plaintiff to sell his property at a price greater than he will be able to sell it for after the nuisance is abated is not a natural nor a necessary con-sequence of it. We incline to the opinion that such damage is too remote and speculative; but if recovery could be had therefor it was indispensable that it should have been specially alleged. Railway v. Curry, 64 Texas, 87; Furlong v. Polleys, 30 Me., 491; Pinney v. Berry, 61 Mo., 359.

It is alleged that because of the magazine plaintiff's property had been rendered unsalable at any price and its value destroyed, but there is no allegation that he had opportunity to sell it at a price greater than he will be able to sell it for after the nuisance is abated; nor was there any evi-dence adduced tending to sustain such allegation if it had been made. On the contrary, the plaintiff testified that he had not offered any of the land for sale, nor had he received an offer for any of it since the maga-zines were erected there except the tract he sold to Weiss. The court should give in charge to the jury the law applicable to the case made by the pleadings and the evidence, and to give a charge not called for by the case so made is error. Railway v. Rider, 62 Texas, 270; Markham v. Carothers, 47 Texas, 22; 20 Texas, 111, 164.

The charge here complained of authorized the jury to consider as an element of damage matters not alleged, and which there was no evidence tending to sustain, and we think it was well calculated to mislead the jury.

Appellee insists that if the charge complained of by this assignment is erroneous it is abstract error, and the verdict being correct in itself should not be disturbed. This proposition is doubtless correct where there is no controversy as to the facts and the verdict is in accordance with the evidence, but in a case like this where plaintiff's damage was estimated by the witnesses from nothing to total destruction of value, we think it would be difficult to find authority holding such error immaterial.

The fourth assignment of error is: "There is error in the court's charge wherein it instructs the jury, 'and if plaintiff has sold a part of said property at a price much less than he could have gotten for it if the magazine had not been near his property, and got the best price he could

under the circumstances, then if you find for plaintiff you may allow as a part of the damages the difference between the price obtained and what. could have been obtained but for the magazine, if the magazine caused the depreciation.'"

It is objected that the petition contains no allegation authorizing this. charge, and it appears to us from an inspection of the record that the objection is well taken. What we have said in discussing the last preced-- ing assignment disposes of this.

Under the fifth assignment of error it is contended that the court erred. in directing the jury to assess damages up to the time of the trial, if they should find in favor of plaintiff, because the recovery could be had for such damages only as had been sustained prior to the institution of the suit.

The authorities sustain the proposition that in actions to recover dam-- ages resulting from a permanent or continuing nuisance, and the damages. are necessarily continuous, the recovery can be had for such damages only as had been sustained prior to bringing the suit. Wood on Law of Nuis.,. secs. 869, 870, 873; Field on Dam., secs. 748, 749; Pinney v. Berry, 61 Mo., 359.

But when the action is brought not only to recover damages but to. abate the nuisance, as in this case, we think it more in accord with the long established policy of our laws to prevent as far as possible a multi-- plicity of suits, to hold that the recovery may be had for all damages sustained down to the trial, rather than put the plaintiff to another action after the nuisance has been abated to recover for damages sustained be-- tween the institution of the suit and the time of trial.

It is contended that the court erred in instructing the jury to the effect. to find against Comminge & Geisler and E. S. Wood & Son if they or either of them aided or assisted the Dupont Powder Company in so managing the magazine as to make it a nuisance, or against the one so aiding or assisting.

It appears from the evidence that while the magazine was built for the. powder company under the immediate directions of Comminge & Geisler, it was built in pursuance of authority from Wood & Son, else why should Wood go from Galveston to Houston for the purpose of "receiving it" when it was finished? Comminge & Geisler seem to have had control of the magazine up to the time of the trial. We think all parties who participated in creating and maintaining the nuisance are liable, and that. the evidence shows such co-operation amonst the defendants as made them jointly liable. · Wood's Law of Nuis., sec. 875.

The remaining assignment of error is: "The court erred in instructing the jury 'that a nuisance is anything that works hurt, inconvenience, or damage to another, either in his person or property.'" It is insisted that this charge is erroneous because "it ignores the legal ingredient of

'violation of a right.'" We believe that the average Texas jury would understand from this charge that to authorize a verdict for damages they must believe that the "hurt, inconvenience, or damage" was inflicted in violation of the right of the injured party to be protected against such "hurt, inconvenience, or damage." But if we are not correct in this view, the special instruction given at request of defendants supplied the omission complained of by this assignment.

The plaintiff's property having sustained no permanent injury, and the cause of the injury being subject to abatement, in view of another trial we deem it proper to say that we think the correct measure of damages is the difference between the value of the rent or use of the property with the nuisance and without it. The sale of the land to Weiss was neither a necessary nor a natural consequence of the nuisance, and plaintiff is not entitled to recover anything on account of that transaction. Field on Dam., sec. 748; Woods' Nuis., sec. 866; Francis v. Schoellkopf, 53 N. Y., 152; McKeon v. See, 4 Rob. (N. Y.), 450; Pinney v. Berry, 61 Mo., 359; Park v. Railway, 43 Ia., 636.

For the errors indicated, we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 25, 1890.