PRUSSAK v. HUTTON et al.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

1. NUISANCE—QUESTION FOR JURY.
   Whether or not a powder magazine is a nuisance is for the jury, in an action based upon the supposition that it is.

2. SAME—POWDER MAGAZINE—LIABILITY FOR EXPLOSION.
   The owner and lessee of a powder storehouse, and one who by consent of the lessee kept the key and stored powder there, which he sold on commission, are all liable for an injury resulting from an explosion, should it be found to be a nuisance.

3. SAME—ASSUMPTION OF RISK.
   Residents of a house three or four hundred feet from a powder storehouse, built before the powder house, but not occupied until afterwards, do not assume the risk of an explosion.

4. SAME—LIABILITY FOR EXPLOSION BY LIGHTNING.
    The fact that a powder storehouse was exploded by lightning constitutes
no defense to an action for injuries to persons residing near it, if it is proven
to have been a nuisance.

Appeal from trial term, Ulster county.

Action by Franciska Prussak against John Hutton and others. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Howard Chipp and Charles W. Walton, for appellants.
Charles Irwin, for respondent.

MERWIN, J. The recovery in this case is for personal injuries sustained by the plaintiff in consequence of the explosion on the 5th July, 1893, of a powder house or magazine situated within the limits of the city of Kingston, and owned by the defendant Hutton, and leased by him to the defendant the Laflin & Rand Powder Company, and used, as it is claimed, by or for the benefit of the firm of Van Deusen Bros., of whom the other defendant, Van Deusen, is the survivor. The trial court held that, upon the undisputed facts, all the defendants were liable in case the powder house was a nuisance, and the question whether or not it was a nuisance was submitted to the jury, together with the question of the amount of damages, in case they found there was a nuisance. The principles laid down in the case of Heeg v. Licht, 80 N. Y. 579, justified, we think, the submission of the case to the jury. The main question here is whether the trial court erred in holding that all the defendants were liable in the event of a finding of the existence of a nuisance. The magazine was built by Hutton in 1878, on a lot then and still owned by him. It was built for the purpose of storage of powder, and from the time it was built it was used right along. On August 13, 1891, Hutton leased the lot and magazine to the Laflin & Rand Powder Company for the term of five years at an annual rent. It was the expectation of both parties that the magazine would be used for the storage of powder. The rent was paid up to the time of the explosion. The lessee was engaged in the manufacture of powder at its mills in the town of Esopus. It sold powder to the Schaghticoke Powder Company, and, by the direction of the latter company, it delivered the powder to Van Deusen Bros., who kept a drug store in the city of Kingston. They gave receipts for the powder as it was brought to their store by the teams of the Laflin-Rand Company. The Van Deusens kept the keys of the magazine, and as the powder was brought to their store they would send a man along with the keys, or give the keys to the drivers, and the powder would then be deposited in the magazine. This method of deposit or storage was with the knowledge and consent of the Laflin-Rand Company. The Van Deusens received the powder for the purpose of sale on commission for the Schaghticoke Company. As they made sales, they took the powder from the magazine and delivered it to the purchasers. The average

amount on hand in the powder house was 40 or 50 kegs. At the end of every month the Van Deusens rendered to the Schaghticoke Company an account of what they sold, receiving their commissions thereon. Clearly, all of the defendants participated in the maintenance of the powder house, and the trial court did not, we think, err in holding them all liable. Wood, Nuis. (3d Ed.) §§ 31, 73, 142, 832, 875; Pickard v. Collins, 23 Barb. 454; Bridge Co. v. Lewis, 63 Barb. 115; Irvine v. Wood, 51 N. Y. 228; Ahern v. Steele, 115 N. Y. 218, 22 N. E. 193; McAndrews v. Collerd, 42 N. J. Law, 189; Comminge v. Stevenson, 76 Tex. 642, 13 S. W. 556; 16 Am. & Eng. Enc. Law, 981. The dwelling house in which the plaintiff and her husband lived, and where the plaintiff received her injury, was 300 or 400 feet from the powder house, and was built before the powder house, but the plaintiff did not occupy it till afterwards. It is suggested that the plaintiff assumed the risk of any explosion. We think not. Campbell v. Seaman, 63 N. Y. 568; Brady v. Weeks, 3 Barb. 157; Wood, Nuis. (3d Ed.) § 76. The explosion occurred during a thunder storm. A witness living in that vicinity testified that there was a heavy thunder storm; that he saw the lightning come down, and then heard the explosion. The court charged the jury that, if it was a fact that the magazine was exploded by lightning, that would constitute no defense to the action, if they found that the maintenance in that place of the magazine was a nuisance. This is claimed to be error. We think not. The injury was caused by the explosion. The defendants, at least, were not free from fault which co-operated to produce the result. 1 Am. & Eng. Enc. Law (2d Ed.) 595. We have examined the other questions presented, but find no good ground for reversal.

Judgment and order affirmed, with costs. All concur.