THOMPSON BROS. LUMBER CO. v. BRYANT. †

(Court of Civil Appeals of Texas. Galveston. Jan. 12, 1912. On Motion for Rehearing, Feb. 16, 1912.)

1. INFANTS (§ 92*)—SUIT BY NEXT FRIEND—EXCEPTIONS—SCOPE.

In an action by a minor for personal injuries, defendant excepted to the petition, on the ground that "no authority or power is alleged or shown that would authorize" the next friend "to prosecute this suit for the said" plaintiff, "and no matters or facts are alleged that would authorize this suit to be prosecuted for" plaintiff by the next friend, "since it is alleged that" the plaintiff "is a minor." Held, that the exception did not raise the objection that the petition was insufficient in not alleging that the minor had no legal guardian.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 277–288; Dec. Dig. § 92.*]

2. MASTER AND SERVANT (§ 291*)—INJURIES—INSTRUCTIONS — CONFORMITY TO ISSUES—"BUMPER."

A petition in an action for personal injuries to a sawmill employé for the breaking of a piston rod, which threw a piece of the piston head against plaintiff, alleged negligence in keeping a worn-out and unsafe bracket pin, piston, and threads, and in failing to remedy such defects, and in undertaking to use the "short side" of the saw in the sawing of logs over 20 feet long, and in negligently striking with great force the "bumper," which defendant knew or should have known would tear up the machinery. The "bumper" is a wooden block, securely placed within four or six inches of the cylinder head of the engine to prevent the piston from flying out and doing damage, in case the piston rod should break. Held, that an instruction, submitting negligence in the construction or maintenance of the bumper, was reversible error; such negligence not being alleged.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133–1147; Dec. Dig. § 291.*]

3. TRIAL (§ 251*)—INSTRUCTIONS—CONFORMITY TO PLEADINGS.

Instructions must conform to the pleadings.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

4. MASTER AND SERVANT (§ 264*)—INJURIES—EVIDENCE—ISSUES.

In a sawmill employé's action for personal injuries by the piston rod of an engine break-

────────────

[1] Reported in full in the Pacific Reporter; reported as a memorandum decision without opinion in 9 Kan. App. 883.

────────────

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court March 27, 1912.

ing and knocking a piece of the piston head against plaintiff, it was error to admit evidence as to the effectiveness of a properly constructed "bumper," the function of which is to prevent the piston from flying and injuring persons in case it breaks; no negligence in constructing the bumper having been alleged.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 861–876; Dec. Dig. § 264.*]

### On Motion for Rehearing.

5. MASTER AND SERVANT (§ 129*)—INJURIES—PROXIMATE CAUSE.

Where, in a sawmill employé's action for personal injuries by a piston rod breaking and throwing a piece of the piston head against plaintiff, it appeared that the "bumper," which was placed in front of the piston rod to prevent the machinery from flying, in case the piston rod broke, would not have prevented the piece from striking plaintiff, had it been larger than it was, because of his position when struck, any negligence in not making the bumper larger was not the proximate cause of his injuries.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

Appeal from District Court, Tyler County; W. B. Powell, Judge.

Action by E. C. Bryant, by his next friend, against the Thompson Bros. Lumber Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

J. A. Mooney and Crook, Lord & Lawhon, for appellant. J. A. Harper and Joe W. Thomas, for appellee.

McMEANS, J. E. C. Bryant, a minor, plaintiff, by J. L. Bostic as next friend, brought this suit against the appellant, Thompson Bros. Lumber Company, to recover damages for personal injuries sustained by him while in appellant's employment.

Plaintiff alleged: "That defendant, in and about its manufacture of lumber at Doucette, owned, maintained, and operated two carriages, with shotgun feed, which carriages carried the logs back and forth into the saw, and they were propelled by steam with great force and power, and that one of said carriages was intended and constructed to carry short logs, and this side of the said sawmill was known as the 'short side,' the other one constructed and intended to carry long logs, and that side of the said sawmill was known as the 'long side,' and that said short side was intended and constructed to saw logs about 20 feet in length. That on said short side the carriage ran upon and over a track, and was propelled by steam by means of a piston, fastened, held, and secured by a bracket pin, all of which was owned, operated, controlled, and maintained by defendant company, as well as the direction of the use of said machinery and appliances. That on August 10, 1910, while the defendant sawmill was running and manufacturing lumber, defendant company negligently undertook to manufacture lumber and sawlogs

24 feet and more in length on said short side. That the said bracket pin broke, and the piston rod broke, the threads stripped off the piston rod, all of which machinery was defective and unsafe for the uses and purposes for which it was being used, and the piston knocked back, bursting the end of the gun or head out, and a piece thereof was broken off and thrown with great force across to the other side of and under the live rollers to the place where plaintiff was standing, and, there being no protection for plaintiff, it struck him on the right leg, * * *" inflicting the injuries for which he sues. "That said defendant company constructed and undertook to keep in repair, and maintained and undertook to keep in repair, the said carriage piston, piston head, and bracket pin, and at the time of said E. C. Bryant's said injuries had full control and management of said machinery and the work in manufacturing lumber, and that it was the duty of said defendant company to keep said machinery in repair, and it did so undertake to keep same in repair, but wholly failed to do so; and it was its duty to see that everything was kept in safety, and the work about the manufacture of lumber was carried on free from dangers, and not to place to use the machinery to other purposes than that intended for. That in all of this defendant failed and neglected, but acted negligently in the premises, and wholly failed to keep said machinery and appliances in repair and free from dangers. That defendant company negligently permitted a weak and worn-out bracket pin to remain in use, and failed to renew the said bracket pin, and defendant company negligently permitted to remain and maintained a weak and unsafe piston rod, and a piston with unsafe threads that were worn and weak and defective, which insecurely fastened and held said piston. That defendant company undertook, on the short side, as aforesaid, to manufacture into lumber logs more than 20 feet in length; it well knowing that it was unsafe to saw a log more than 20 feet on the aforesaid short side. That, by reason of said carelessness, negligence, and default of the defendant company aforesaid, on or about August 10, 1910, the plaintiff, E. C. Bryant, while performing the work of tripping the edger, as heretofore set out, the bracket pin broke, and the said piston broke, stripped the said threads, causing his said injuries, as before stated and described, which were caused and occasioned in direct consequence of the defendant's said carelessness and negligence in keeping said weak, worn-out, and unsafe bracket pin, piston, and threads, and in failing to amend said defects and renew the same, and in using and undertaking to use the short side in the manufacture of sawlogs over 20 feet into

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

lumber, and in negligently striking with great force the bumpers, which the defendant company well knew or might have known would tear up the machinery. All of which defendant company knew or should have known by the use of ordinary care in the construction, maintenance, and repair of its said machinery and appliances thereto, and by the use of ordinary care in the work and manufacture of lumber and in the use of the said machinery and appliances. That plaintiff, E. C. Bryant, was injured, as aforesaid, without fault or negligence on his part, he being at the time ignorant of said defects and dangers, and had no control of the said machinery and work being done, and he was at work at another place, away from said defective machinery, and engaged in a different kind of work from sawing logs."

Defendant, appellant here, answered by general denial, and pleaded certain defenses which need not be here stated.

The case was tried by the court with a jury, and resulted in a verdict and judgment for plaintiff. From this judgment, defendant has appealed.

[1] Appellant's first assignment of error, which is submitted as a proposition, is as follows: "The court erred in overruling the defendant's (special) exception No. 2. which was as follows: 'Defendant specially excepts to said petition, and for grounds of such exception says that no authority or power is alleged or shown that would authorize J. L. Bostic to prosecute this suit for the said E. C. Bryant, and no matters or facts are alleged that would authorize this suit to be prosecuted for E. C. Bryant by J. L. Bostic, since it is alleged that E. C. Bryant is a minor. And of this special exception defendant prays judgment of the court.'" Under this assignment, appellant argues that, as the petition disclosed that plaintiff was a minor, and sued by next friend, and as, under the statute (article 3498u, Rev. St.), a minor could sue by next friend only when he has no legal guardian, and as there was no allegation that plaintiff did not have a legal guardian, he had not shown himself entitled to sue by next friend, and that therefore the petition was defective in this regard, and the exception should have been sustained. It may be readily conceded that the statute confers the right to sue by next friend only upon those minors who have no legal guardian, and that a petition by a minor, suing by a next friend, which does not aver that he has no legal guardian is defective, and a proper exception thereto should be sustained. But we cannot gather from the exception, the overruling of which is made the basis of the assignment, that it was directed at the failure of plaintiff to allege that he had no legal guardian. At most, it is barely inferable that this ground of exception was in the pleader's mind. There is nothing in the language of the exception to apprise the court that the pleader intended to except on the ground that the petition failed to allege that the minor had no legal guardian. And if it was the intention to except on this ground, then the pleader could have simply said so, and this would have been only fair to the court and opposing counsel. The language of an exception should plainly direct the mind of the court to the matter excepted to, and a party should not be heard to complain of the action of the court in overruling an exception which is so drawn as to obscure the point which the pleader intended to attack by the exception. The assignment is overruled.

[2, 3] It will be observed that the negligence charged against appellant upon which appellee predicates recovery is "in keeping said weak, worn-out, and unsafe bracket pin, piston, and threads, and in failing to amend said defects and renew the same, and in using and undertaking to use the 'short side' in the manufacture of sawlogs over 20 feet into lumber, and in negligently striking with great force the bumpers, which the defendant company well knew or might have known would tear up the machinery." The "bumper" is a block of wood which is securely placed within four or six inches of the cylinder head of an engine; its purpose being, in case the piston rod should break, to arrest the force and speed of the piston, and prevent its flying out and injuring persons or machinery. There was no allegation that the bumper in question was of improper size, insecurely fastened, or that the defendant was guilty of any actionable negligence, either in respect to its size, stability, construction, maintenance, or in any other respect. Notwithstanding the absence of such allegations, the court in its general charge instructed the jury as follows: "If, in the construction, use, and operation of its sawmill, defendant knew that the piston rod was liable to break, and in anticipation of said break, if any, it prepared and placed in said mill a block of wood, commonly known and called a 'bumper,' for the purpose of catching the force and arresting the speed of said piston rod, caused by said break, and to avoid danger, which was or should have been reasonably anticipated by the defendant, and you further believe that in the construction of said bumper the said defendant company was negligent (as the term has been defined) in making and erecting a bumper insufficient to protect its employés from danger, if any, which was or should have been reasonably anticipated by the breaking of said piston rod, and you further believe that when the piston rod broke it was thrown with great force against the bumper, thereby bursting the cylinder head, from which a piece thereon flew and struck and broke plaintiff's leg, and you further believe that such, or a similar, accident was or should have been reasonably anticipated by defendant by the breaking of

the piston rod, and you further believe that said injury occurred by reason of the bumper so constructed and installed by the defendant not being suitable and sufficient to protect its employés from such anticipated danger, if any, and you believe that the defendant was negligent in so constructing and installing said bumper, and the defective bumper, if any, was the proximate cause of the injury, if any, you will find in favor of the plaintiff, although you should find that the defendant was not negligent in furnishing or keeping in repair said piston rod. This is called and known as 'Issue No. 2.' " In response to the charge, the jury returned the following verdict: "We, the jury, find in favor of the plaintiff on issue No. 2, and assess his damages at $750; and we find in favor of defendant on issue No. 1, as given in the court's main charge." The giving of the charge above quoted is made the basis. of appellant's second assignment of error. That a charge must conform to and be supported by pleadings is well settled. Railway v. French, 86 Tex. 98, 23 S. W. 642; Comminge v. Stevenson, 76 Tex. 645, 13 S. W. 556; Loving v. Dixon, 56 Tex. 79. That there were no pleadings to support that part of the court's charge assailed by the assignment is patent; and the giving of the charge was such error as to require a reversal.

[4] Appellant's third and fourth assignments complain of the action of the court in admitting in evidence certain testimony of the witness Striker as to the effectiveness of a bumper, when properly constructed and maintained, in preventing pieces of the cylinder head from flying about the mill, in case the same should be struck by a broken piston rod and broken. These assignments must also be sustained. The evidence should have been confined to the specific acts of negligence charged in the petition. Railway v. Hennessey, 75 Tex. 155, 12 S. W. 608; Gas, etc., Co. v. Speegle, 60 S. W. 884.

Appellant's fifth assignment of error complains of the refusal of the court to give the jury its special charge, peremptorily instructing a verdict for defendant. It will be noted that the jury, by its verdict, found in favor of defendant on issue No. 1, submitted to it by the court, and found in favor of plaintiff on issue No. 2. That which is called "Issue No. 1" in the court's charge submitted to the jury the questions of negligence specifically charged in the petition, and that which is called "Issue No. 2" submitted to them the question of negligence, relating to the insufficiency of the bumper, which we have held was improperly submitted, because not alleged. The jury, by its

verdict, found, and correctly so, we think, that no negligence on the part of defendant was proved in the relation to the matters submitted in issue No. 1. We will not take time to consider whether, if the facts proved on issue No. 2 were sufficient to sustain the verdict, we should, in reversing the judgment, remand the case, in order that the pleadings could be so amended as to charge the grounds of negligence submitted in that issue, although we may say in passing that article 1027, Revised Statutes, requires the Court of Civil Appeals, when it reverses the judgment of a lower court, to render such decree as should have been rendered in the court below, except in certain contingencies not applicable here. But we think it sufficient to say that we have carefully examined the evidence set out in the briefs of the parties on this issue, and have concluded that the testimony was not sufficient to raise the issue and justify its submission, had the pleadings been sufficient to justify it. Even if the evidence had shown that plaintiff was hurt by a piece of metal which rebounded from the bumper, we think the undisputed testimony conclusively shows that the bumper, in the manner of its construction and operation, could not have been the proximate cause of the injuries sustained by the plaintiff. It therefore becomes the duty of this court to render such judgment as should have been rendered by the court below.

It is ordered and adjudged that the plaintiff take nothing by his suit, and that the defendant go hence and recover of plaintiff all costs incurred in this court and in the court below.

Reversed and rendered.

### On Motion for Rehearing.

[5] Appellee, in his motion for a rehearing, has requested us to file additional findings of facts, and in compliance therewith we find that the bumper was 14 by 14 inches and the cylinder head was 18 by 18 inches; that had the bumper been as large as the cylinder head, pieces of the latter could not have been thrown behind the bumper when it was broken in coming in contact therewith, and persons standing behind the bumper would have thus been protected. But the evidence shows that plaintiff was not standing behind the bumper, but off to one side at right angles from it, and that a larger bumper would not have prevented pieces of the cylinder head when broken off from flying in the direction he was in, and therefore the defects in the bumper could not possibly have been the cause of his injury.