FOSTER v. INTERNATIONAL & G. N. RY. CO. (No. 5440.)

(Court of Civil Appeals of Texas. San Antonio. March 10, 1915. Rehearing Denied April 21, 1915.)

1. CARRIERS ⚖️103 — DELAY IN DELIVERY — LOSS OF PROFITS—PLEADING.

Where certain ladies' and misses' dresses, shipped for sale at the retail market at the destination, were negligently delayed in delivery by a common carrier, loss of profits could not be recovered, in the absence of an allegation thereof.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 436–438; Dec. Dig. ⚖️103.] ·

2. CARRIERS ⚖️105 — DELAY IN DELIVERY — LOSS OF PROFITS—PLEADING.

Profits lost by reason of a carrier's delay in delivering goods intended for sale may be recovered where pleaded and proved.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 451–458; Dec. Dig. ⚖️105.]

3. CARRIERS ⚖️105 — DELAY IN DELIVERY — MEASURE OF DAMAGES.

The measure of damages from negligent delay, by a common carrier, to deliver goods intended for sale, is the difference between the market value of the goods when they should have arrived and their value when delivered.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 451–458; Dec. Dig. ⚖️105.]

4. CARRIERS ⚖️103 — DELAY IN DELIVERY — SPECIAL DAMAGES.

Special damages for a carrier's negligent delay in delivering goods shipped must be pleaded and proved.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 436–438; Dec. Dig. ⚖️103.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by M. E. Foster against the International & Great Northern Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Alex C. Bullitt, of San Antonio, for appellant. Wilson, Dabney & King, of Houston, and Cobbs, Eskridge & Cobbs, of San Antonio, for appellee.

FLY, C. J. Appellant sued appellee to recover damages alleged to have accrued by a failure and refusal to deliver certain goods shipped to her at San Antonio, from Philadelphia. It was alleged in the petition that appellant had purchased 50 misses' school dresses in Philadelphia and 30 ladies' and misses' dresses, to sell at retail in San Antonio; that appellee held said merchandise at its depot in San Antonio from about September 8, 1913, to about November 1, 1913; that appellant was preparing to open a mercantile establishment in San Antonio and had bought the dresses for retailing; that the reasonable market value of the dresses when delivered was $366, and the value at time they should have been delivered was $582.85; and that the difference in the two values, $216.85, was the actual damages sustained by appellant. Appellant also prayed for exemplary damages in the sum of $250.

[1] The uncontradicted evidence showed that there was no wholesale market for such dresses as appellant owned, but that they could only be sold at retail from September 1st to October 20th. The dresses were not injured and were worth as much in bulk when delivered as when they arrived in San Antonio. Appellant seemed to rely in her testimony on recovery of the profits she would have made at retail sale of the

goods, but for the negligence of appellee. That would have been a good ground for damages, had it been pleaded. There is, however, no allegation of the profits lost by appellant by reason of the delay in delivering the goods; the only damages alleged being the difference in value of the dresses when they ought to have been delivered and when they were delivered. The goods had not deteriorated in value when delivered.

[2] Profits may be recovered as damages, but such profits must be alleged and proved. In order to recover, it was necessary to prove that appellant would have made a certain amount of profit on the dresses, had they not been negligently held by appellee, and that appellee knew the purpose for which appellant had ordered the dresses. These facts being necessary to establish the liability of appellee, it was equally necessary that they should have been alleged. Pac. Express Co. v. Darnell, 62 Tex. 639; Railway v. Hill, 63 Tex. 381, 51 Am. Rep. 642.

[3] The general rule as to the measure of damages arising from negligent delay by a common carrier in the delivery of goods intended for sale in the market at point of destination is the difference between the market value of the goods when they should have arrived and the value at time of delivery. Hutchinson, Carriers, § 771; Railway v. Webb, 20 Tex. Civ. App. 431, 49 S. W. 526.

[4] If special damages, such as profits, are sought, there must be allegation and proof of such special damages. Wallace v. Finberg, 46 Tex. 35; Railway v. Curry, 64 Tex. 85; Comminge v. Stevenson, 76 Tex. 642, 13 S. W. 556. There is no allegation upon which a recovery for profits, the only damages recoverable, could be based.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes