Affirmed and Opinion filed January 4, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00774-CV

___________________

 

Linda Kane as Executor of the Estate of David
G. Puckett, Appellant

 

V.

 

Cameron International Corp. f/k/a Cooper
Cameron, Cooper Industries, Cameron Iron Works, Cooper Oil Tool, Cameron,
Cooper Cameron Valves, Appellee



 



 

On
Appeal from the 151st District Court

Harris County,
Texas



Trial Court Cause No. 2007-39196

 



 

 

OPINION

            Appellant,
the executor of an estate, sued the defendant for allegedly contaminating the
decedent’s land and groundwater with toxic chemicals.  Among other causes of
action, appellant asserted a claim for private nuisance and for allegedly
causing the decedent, who had recurring cancer, to fear that his exposure to
the chemicals would worsen his illness or cause him to develop a different form
of cancer.  The trial court granted summary judgment in defendant’s favor on
all of the claims, and appellant asks us to reverse the rulings on the
private-nuisance and fear-of-dreaded-disease claims.  Because there is no
evidence that the chemicals ever entered the decedent’s property or that the defendant
otherwise exposed him to carcinogenic substances, and because the
fear-of-a-dreaded-disease claim is, in effect, a claim for negligent infliction
of emotional distress that has been rejected under Texas law, we affirm.  

I.  Background

            David
Puckett was diagnosed with melanoma in 2000; it was found to be malignant not
later than 2001, when it spread from the back of his neck to the tissue near
his lymph nodes.  He was treated with radiation through March 2002, but another
lesion was found on his neck in 2003.  The melanoma metastasized to one of his
lungs in 2004, to his ribs and scalp in 2005, and finally to his brain in
2006.  Puckett died in May 2007.  

            The
following month, Linda Kane, the executor of Puckett’s estate, brought this suit
against Cameron International Corporation f/k/a Cooper Cameron, Cooper
Industries, Cameron Iron Works, Cooper Oil Tool, Cameron, and Cooper Cameron
Valves (“Cameron”).  According to Kane, Puckett learned in 2001 that chemicals
used at a nearby facility operated by Cameron had been released into the soil
and groundwater some years earlier.  Based on this chemical release, Kane
asserted claims on behalf of Puckett’s estate for negligence, gross negligence,
fraud by nondisclosure, trespass, and private nuisance.  She further contended
that the estate was entitled to recover mental-anguish damages for Puckett’s
“fear of dreaded disease.”  Although Kane does not contend that Cameron’s
conduct caused Puckett to initially develop cancer, she alleged that Puckett
had “a reasonable fear that he had either contracted a new cancer as a result
of his exposure to the toxic substances released into the ground and aquifer .
. . or, his melanoma had been reactivated/exacerbated by the same.” 
Significantly, however, there is no evidence that the chemicals released from Cameron’s
facility ever entered Puckett’s property, and Kane did not allege that Puckett
was exposed to the chemicals elsewhere.  Moreover, Kane produced no evidence
that the chemicals were carcinogenic or were otherwise capable of
“reactivating” or “exacerbating” Puckett’s melanoma.  

            The trial
court granted Cameron’s traditional motion for summary judgment as to the
fear-of-dreaded-disease claim and granted no-evidence summary judgment as to
the estate’s remaining claims.  In two issues, Kane appeals the judgment only
as it pertains to the claims for private nuisance and “fear of dreaded
disease.”

II.  Standard of Review

            We review
summary judgments de novo.  Ferguson v. Bldg. Materials Corp. of Am.,
295 S.W.3d 642, 644 (Tex. 2009) (per curiam) (citing Tex. Mun. Power Agency
v. Pub. Util. Comm’n of Tex., 253 S.W.3d 184, 192 (Tex. 2007)).  We
consider the summary-judgment record in the light most favorable to the
nonmovant, indulging every reasonable inference and resolving any doubts
against the movant.  See City of Keller v. Wilson, 168 S.W.3d 802, 823
(Tex. 2005).  We must affirm the summary judgment if any of the movant’s
theories presented to the trial court and preserved for appellate review are
meritorious.  Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 216 (Tex. 2003).

            The movant
for traditional summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter
of law.  Tex. R. Civ. P. 166a(c);
Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d
844, 848 (Tex. 2009).  A defendant who moves for traditional summary judgment
must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Frost Nat’l Bank v. Fernandez, 315 S.W.3d 494, 508
(Tex. 2010).  Evidence is conclusive only if reasonable people could not differ
in their conclusions.  City of Keller, 168 S.W.3d at 816.  Once the
defendant establishes its right to summary judgment as a matter of law, the
burden shifts to the plaintiff to present evidence raising a genuine issue of
material fact.  Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197
(Tex. 1995).

            In a
no-evidence motion for summary judgment, the movant represents that there is no
evidence of one or more essential elements of the claims for which the
nonmovant bears the burden of proof at trial.  Tex. R. Civ. P. 166a(i); Timpte Indus., Inc. v. Gish,
286 S.W.3d 306, 310 (Tex. 2009).  The burden then shifts to the nonmovant to
present evidence raising a genuine issue of material fact as to the elements
specified in the motion.  Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572,
582 (Tex. 2006).  We sustain a no-evidence summary judgment when (a) there is a
complete absence of evidence of a vital fact, (b) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact, (c) the evidence offered to prove a vital fact is no more than a
mere scintilla, or (d) the evidence conclusively establishes the opposite of
the vital fact.  City of Keller, 168 S.W.3d at 810.  The evidence is
insufficient if “it is ‘so weak as to do no more than create a mere surmise or
suspicion’” that the challenged fact exists.  Akin, Gump, Strauss, Hauer
& Feld, L.L.P. v. Nat’l Dev. & Research Corp., 299 S.W.3d 106, 115
(Tex. 2009) (quoting Kroger Tex. L.P. v. Suberu, 216 S.W.3d 788, 793
(Tex. 2006)).

III. 
Analysis

A.        Private
Nuisance

            Cameron
moved for summary judgment on the private-nuisance claim on the grounds that
there was no evidence of an actual invasion of Puckett’s property or that
Puckett “was aware of such an invasion so as to actually interfere with his use
or enjoyment” of the property.[1] 
A private nuisance is a nontrespassory invasion of another’s interest in the
private use and enjoyment of land.  Restatement
(Second) of Torts § 821D (1979).  It may arise by causing (1)
physical harm to property, such as by the encroachment of a damaging substance;
(2) physical harm to a person on his property from an assault on his senses or
by other personal injury; or (3) emotional harm to a person from the
deprivation of the enjoyment of his property through fear, apprehension, or
loss of peace of mind.  Aguilar v. Trujillo, 162 S.W.3d 839, 850 (Tex.
App.—El Paso 2005, pet. denied).  

            On appeal,
Kane points out that a physical invasion of property is not a necessary element
of a private-nuisance cause of action.  As a statement of law, this is
correct.  For example, a private-nuisance claim may arise when property is used
in a way that offends the neighbors’ senses; thus, foul odors, noise, and
bright lights—if sufficiently extreme—may constitute a private nuisance.  Schneider
Nat’l Carriers, Inc. v. Bates, 147 S.W.3d 264, 269 (Tex. 2004).  One may
also create a private nuisance by using property in a way that causes
reasonable fear in those who own, lease, or occupy property nearby.  See,
e.g., Comminge v. Stevenson, 76 Tex. 642, 644, 13 S.W. 556, 557
(1890) (powder magazine within four hundred feet of plaintiff’s residence and that
caused plaintiff apprehension and alarm was a private nuisance); McMahan v.
City of Abilene, 261 S.W. 455, 455–56 (Tex. Civ. App.—El Paso 1924, writ
dism’d w.o.j.) (leaking earthen dam located upstream from plaintiff’s property
and that caused plaintiff’s family “continual fear . . . for
their lives and property” was a private nuisance).

            Here,
however, Kane’s claims were based only on the alleged physical invasion of
dangerous chemicals onto Puckett’s property or into the groundwater accessible
by a well on his property,[2]
and Puckett’s exposure to the chemicals on his own land.  According to Kane, 

Puckett inhaled, consumed, and was exposed to various
toxins and carcinogens in his well water and the soil at his
property . . . . [Cameron] knowingly and surreptiously
placed toxic and hazardous substances in the ground and drinking aquifer which
it knew or should have known would enter the water supply in/on the property
occupied/owned by Puckett, but nonetheless concealed all relevant information
at least up until and past the point that it cause[d] irreparable psychol[o]gical
injury to Puckett and irreparable and non-remediable damage to his property.

. . .

[Puckett] consumed well water on his premises and his
property was contaminated by carcinogens released by defendants as was the
aquifer for his well for a number of years; . . . He
reasonably believed that the chemicals released onto his property by defendants
were carcinogenic; . . . The release of carcinogenic
chemicals onto his property and its aquifer constituted a
trespass; . . . He believed that his successful battle with
melanoma . . . had been rendered meaningless by his
exposure to the carcinogenic chemicals introduced to his property and aquifer
by defendants and that his brain tumors were a proximate result of that
trespass.

. . .

Puckett also suffered additional mental anguish damages as
a result of the trespass to his property described
above . . . .

. . .

[T]he injuries arising from Defendants’ contamination of
Plaintiff’s property are objectively verifiable . . . .

. . .

[Cameron’s] trespass of its hazardous chemicals into Bayou
Woods and the property of Puckett substantially interfered with the use and
enjoyment[] of Plaintiff’s land by causing unreasonable discomfort and
annoyance to him, who was a person of ordinary sensibilities attempting to use
and enjoy it.

            Because her
claims were premised on a physical invasion of Puckett’s property, Kane
responded to the summary-judgment motion by attempting to raise a fact issue on
the question of whether such an invasion had occurred.  She argued that because
groundwater moves, it is “highly likely” that contaminated groundwater “has, at
some point since 1976 when Puckett began residing on the property, been
situated underneath” Puckett’s property.  Although Kane offered evidence of the
general proposition that groundwater moves, she offered no evidence concerning
the likelihood that chemicals released from Cameron’s facility entered the soil
or water on Puckett’s property at any time.  At most, Kane offered evidence
that two years after Puckett sold his residence, there was contaminated
groundwater under the property of one or more of Puckett’s former neighbors.  The
argument of Kane’s counsel that it is “highly likely” that contaminated
groundwater entered Puckett’s property during his ownership or residency is not
evidence but speculation, and as such, it is insufficient to raise a genuine issue
of material fact.  See Coastal Transport Co. v. Crown Cent. Petroleum Corp.,
136 S.W.3d 227, 232 (Tex. 2004).  

            Kane also
produced evidence that Puckett told her “that he believed his cancer was caused
by exposure to chemicals underneath his property.” (emphasis added).  This,
too, is mere speculation and not evidence that chemicals actually invaded
Puckett’s property.[3] 


            Lastly, Kane
presented Puckett’s deposition testimony that his property was “on the market”
for approximately three years before it was sold, and to the best of his
recollection, the property sold for $700,000, a figure that Puckett described
as the “absolute bottom number.”  According to Kane, this is “more than a
scintilla of evidence of the loss of use and enjoyment of his property
[Puckett] suffered as a result of the nuisance [Cameron] created after
contaminating groundwater under 8729 Memorial Drive.” (emphasis added).  This
argument appears to be Kane’s response to Cameron’s assertion that the
economic-loss rule bars recovery of property damages under a negligence theory,
a subsidiary issue that we do not reach.  Moreover, evidence of the time that
elapsed between the date Puckett’s property was listed for sale and the date on
which it was sold is no evidence that the groundwater under Puckett’s property
was contaminated as Kane contends.  See also Schneider, 147 S.W.3d at
277 (“[A] decrease in market value does not mean there is a nuisance, any more
than an increase means there is not.”) (footnotes omitted).   

            Based on our
review of the summary-judgment evidence, we conclude that the trial court did
not err in granting summary judgment in Cameron’s favor as to Kane’s
private-nuisance claim.  We therefore overrule Kane’s first issue.

B.        Fear of
Dreaded Disease

            With respect
to Kane’s claim for “fear of dreaded disease,” Cameron moved for traditional
summary judgment on the grounds that (1) Texas law does not recognize a cause
of action for the fear of contracting a disease absent a showing that the
defendant’s actions caused the claimant to be exposed to a substance that is
actually capable of causing the feared disease, and (2) if such a cause of
action exists, it is barred by limitations.  Cameron’s first argument is
dispositive: there is no such cause of action. 

            As Kane
articulates her theory of liability, no causal connection is required between
the defendant’s conduct and the harm that is feared.  She begins by quoting Temple-Inland
Forest Products Corp. v. Carter, 993 S.W.2d 88, 91 (Tex. 1999), for the
proposition that “a plaintiff who has developed an asbestosis-related disease
may recover mental anguish damages for a reasonable fear of developing other
asbestos-related diseases.”  Based on this language, she argues that a person
who already has a dreaded disease can recover mental-anguish damages for the
reasonable fear of contracting a similar or exacerbated form of the
disease—even in the absence of any evidence that the defendant caused the
originally-diagnosed illness or exposed the person to a substance capable of
causing or exacerbating the person’s illness.  As applied to the evidence in
this case, it is Kane’s position that Cameron can be required to compensate the
estate for Puckett’s fear of contracting more cancer or worse cancer, not
because Cameron caused Puckett’s cancer or did anything to increase his risk of
cancer, but because Puckett already had cancer.  

            No authority
supports the existence of such a cause of action.  In Temple-Inland, it
was undisputed that the plaintiffs were exposed to asbestos on the defendant’s
property, and the court held that the plaintiffs could not recover
mental-anguish damages for fear of developing an asbestos-related disease in
the future absent proof that they already had sustained some physical injury
from the exposure.  See id.  Here, there is not only an absence of
evidence of physical injury from the exposure, there is no evidence of
exposure.  

            In effect,
Kane’s fear-of-dreaded-disease theory is nothing more than a claim for
negligent infliction of emotional distress.  This cause of action, however, has
been rejected under Texas law.  See Boyles v. Kerr, 855 S.W.2d 593, 597
(Tex. 1993).  Relabeling the claim as “fear of dreaded disease” does not make it
cognizable under Texas law.  Therefore, we overrule Kane’s second issue.

IV.  Conclusion

            Because Kane
based her private-nuisance claim on a physical invasion of property for which
there is no evidence, and because the liability theory she describes as “fear
of a dreaded disease” is not recognized under Texas law, we affirm the trial
court’s judgment.

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices
Seymore, Boyce, and Christopher.

 









[1] Cameron also moved for
traditional summary judgment on the ground that the economic-loss rule prevents
recovery of damages for diminution of the value of real property in a
negligence cause of action.  In light of our disposition of the no-evidence
grounds, we do not analyze this assertion. 





[2] The well was capped on an
unspecified date.





[3] And, as previously
mentioned, there is no evidence that the chemicals were carcinogenic or that
they exacerbated his preexisting cancer.